IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAURA KUBIAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 C 1159 |
| | ) | |
| THE CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, the motion to dismiss the federal claims is granted and the remaining state law claims are dismissed without prejudice.

**BACKGROUND**

Plaintiff Laura Kubiak (Kubiak) alleges that in 1986 she began employment with the Chicago Police Department (CPD) as a beat patrol officer. In 2000, Kubiak was allegedly detailed to the Office of News Affairs (ONA). In 2009, Officer Veejay Zala (Zala), was also detailed to the ONA. Kubiak contends that on one occasion when she was leaving work Zala became enraged by a report prepared by Kubiak, swore at Kubiak, shook his finger in her face, swung his hand back as if to

strike Kubiak, and continued to berate and intimidate her. Kubiak contends that she spoke about the incident with Defendant Melissa Stratton (Stratton), ONA Director, and with Defendant Maureen Biggane (Biggane), a Lieutenant with the CPD. Kubiak also allegedly submitted a memorandum to Biggane regarding the incident, which led to an Internal Affairs Division (IAD) investigation. In February 2013, Kubiak was allegedly verbally informed that her IAD complaint brought against Zala had been sustained. Kubiak contends that subsequently Biggane informed Kubiak that her detail at the ONA was being terminated. Kubiak also claims that she was then reassigned to work a midnight shift as a beat patrol officer. Kubiak alleges that Defendants' action in reassigning her was retaliation against her for exercising her First Amendment rights.

Kubiak includes in her complaint claims alleging retaliation in violation of her First Amendment rights brought pursuant to 42 U.S.C. § 1983 (Section 1983) (Count I), a Section 1983 *Monell* claim (Count I), Section 1983 conspiracy claims (Count II), and claims brought under the Illinois Whistleblower Act, 740 ILCS 174/1-1 *et seq.* (Count III). Defendants now move to dismiss all claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in

the complaint.  *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).  A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court."  *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

I.  Section 1983 Retaliation Claims

Defendants move to dismiss the Section 1983 retaliation claims.  A public employee bringing a First Amendment retaliation claim must establish: (1) that her "speech was constitutionally protected," (2) that "[s]he has suffered a deprivation likely to deter speech," and (3) that her "speech was at least a motivating factor in the

employer's action." *Swetlik v. Crawford*, 738 F.3d 818, 825 (7th Cir. 2013); *Volkman v. Ryker*, 736 F.3d 1084, 1091 (7th Cir. 2013)(stating three steps for establishing a First Amendment retaliation claim brought by a public employee); *Hutchins v. Clarke*, 661 F.3d 947, 955-56 (7th Cir. 2011)(stating that "[f]irst, the court must determine whether the employee's speech was constitutionally protected under the *Connick–Pickering* test[,] . . . [s]econd, the plaintiff must establish that the speech was a substantial or motivating factor in the alleged retaliatory action," and third, that the defendant is then given "an opportunity to establish that the same action would have been taken in the absence of the employee's protected speech").

Defendants argue that Kubiak has not alleged facts to plausibly suggest that Kubiak engaged in any protected speech. In order for a public employee to show her speech is protected under the First Amendment, the employee must establish: (1) that "[s]he made the speech as a private citizen," (2) that "the speech addressed a matter of public concern," and (3) that her "interest in expressing that speech was not outweighed by the state's interests as an employer in 'promoting effective and efficient public service.'" *Swetlik*, 738 F.3d at 825-26 (quoting in part *Houskins v. Sheahan*, 549 F.3d 480, 490 (7th Cir. 2008))(stating that "[t]his last element is known as *Pickering* balancing")(citing *Garcetti v. Ceballos*, 547 U.S. 410 (2006) and *Pickering v. Board of Ed. of Tp. High School Dist. 205, Will County, Illinois*, 391 U.S. 563, 567 (1968)).

1. Speaking in Capacity as Employee

Defendants argue that Kubiak has failed to allege facts to suggest that she was speaking as a private citizen. In determining "whether a public employee is speaking as an employee or as a citizen, . . . '[t]he proper inquiry" must be 'a practical one'" and the court should consider "whether the speech is part of the employee's 'daily professional activities.'" *Chrzanowski v. Bianchi*, 725 F.3d 734, 738-39 (7th Cir. 2013)(quoting in part *Garcetti v. Ceballos*, 547 U.S. 410, 416 (2006))(stating that "*Garcetti* governs speech that is made pursuant to official duties in the sense that it is government employees' work product that has been commissioned or created by the employer")(internal quotations omitted); *see also Swetlik*, 738 F.3d at 826 (citing *Garcetti* for proposition that "a public employee's statements made pursuant to official duties are not made as a private citizen for the purposes of the First Amendment").

In the instant action, Kubiak alleges that she "made her complaint against Officer Zala, not as part of her routine job duties, but as a citizen who was subjected to an assault by a Chicago Police Officer, with a history of violence, knowing his conduct was unlawful and fearing for her own safety as well as the safety of others." (Compl. Par. 48). However, the facts alleged by Kubiak do not corroborate her conclusory assertion that she was speaking out as a private citizen. Kubiak alleges that the incident occurred during work hours at the work place. (Compl. Par. 26-35). Kubiak also contends that the disagreement between herself and Zala involved Kubiak's preparation of a report as part of her official duties. (Compl. Par. 27).

5

Kubiak does not allege that she attempted to voice her concerns in a public forum. Instead, Kubiak contends that she attempted to talk to her supervisors and that ultimately the incident was resolved in an internal investigation. (Compl. Par. 38-55). Such facts suggest that Kubiak's speech was made as a public employee rather than a citizen.

Kubiak also contends that she was speaking out as a citizen because she claims that she was concerned for the "safety of others." (Compl. Par. 48). Kubiak alleges that Zala has "a history of violence," that a jury verdict was entered against Zala on one occasion, and that he "often lost his temper and directed his outbursts toward his colleagues, and more pointedly toward females, including Officer Kubiak." (Compl. Par. 20, 25, 48). Even though Kubiak has not presented any evidence at this juncture to substantiate her assertions as to Zala, for the purpose of ruling on the instant motion to dismiss, the court must accept such allegations as true. *Appert*, 673 F.3d at 622. Kubiak contends that she specifically lists in the complaint all her duties when she worked for ONA such as "creating files of Chicago Police coverage in the news." (Compl. Par. 15). Kubiak contends that reporting allegedly dangerous police officers was not part of her official duties. Even if the court were to accept as true the allegations as to Zala's behavior, and that Kubiak was speaking out in part due to fear for "the safety of others," Kubiak has not suggested that she spoke as a private citizen. (Compl. Par. 48); (Compl. Par. 15). If Zala truly was a threat to public safety as Kubiak contends, Kubiak's allegation that she is employed as a police officer suggests also that as an officer of the law she is responsible for

6

upholding the law and protecting the public.  Speaking out about Zala as an alleged threat to the public safety would thus necessarily be part of Kubiak's responsibility as a police officer and thus part of her daily professional activities.  It is not plausible that simply because Kubiak was assigned to the ONA that she no longer had her basic duty as a law enforcement officer to protect the public from harm.  The allegations clearly indicate that Kubiak's speech to her superiors relating to the conduct of Zala during this isolated incident was due to her concern as to her personal safety and welfare.  Kubiak has thus failed to allege facts that plausibly suggest that she spoke as a citizen.

2.  Failure to Speak on Matter of Public Concern

Defendants argue that Kubiak has failed to allege facts to plausibly suggest that she spoke out regarding a matter of public concern.  Generally, speech does not concern a matter of public concern if it is was "purely personal or vindicated only a personal interest."  *Swetlik*, 738 F.3d at 827; *Kristofek v. Village of Orland Hills*, 712 F.3d 979, 984 (7th Cir. 2013)(stating that "[w]hether a statement rises to the level of public concern is a question of law, and in answering this question [the court] look[s] to the content, form, and context of the statement" and that "content remains the most important factor in determining whether speech addresses a matter of public concern")(internal quotations omitted).

Kubiak alleges that she was involved in an incident at her place of work relating to an isolated incident between herself and a co-worker.  (Compl. Par. 25-

28). Kubiak alleges that she complained to her supervisors and the issue was resolved through an internal investigation. (Compl. Par. 38-55). The allegations by Kubiak indicate that this case involves certain inappropriate conduct by one officer against another officer and that appropriate officials took action relating to such incident after Kubiak brought the incident to their attention. The facts alleged by Kubiak suggest that her sole motive in speaking out about Zala was to protect herself and thus concerned her personal interests. *See Kristofek*, 712 F.3d at 985 (stating that "motive alone does not conclusively determine whether a public employee's speech involves a matter of public concern").

Aside from Kubiak's motive to protect her own interests, the context and content of Kubiak's speech show that she was not speaking out on a matter of public concern. A dispute between two employees regarding the preparation of an official report does not, without more, raise issues of public concern. The mere fact that Kubiak contends that Zala is a police officer or that a threat of violence was involved does not mean that Kubiak's speech related to a matter of public concern. *See Bivens v. Trent*, 591 F.3d 555, 561 (7th Cir. 2010)(stating that "if the speech concerns a subject of public interest, but the *expression* addresses only the personal effect upon the employee, then as a matter of law the speech is not of public concern")(internal quotations omitted)(emphasis in original)(quoting *Marshall v. Porter County Plan Comm'n*, 32 F.3d 1215, 1219 (7th Cir. 1994); *Smith v. Fruin*, 28 F.3d 646, 651 (7th Cir. 1994)(stating that "the fact that an employee speaks up on a topic that may be deemed one of public import does not automatically render his

8

remarks on that subject protected"). The facts alleged by Kubiak suggest that Kubiak's speech solely involved her interest protecting herself from alleged harassment by Zala. Thus, Kubiak has failed to allege facts that plausibly suggest that she spoke out on a matter of public concern. Based on the above, Defendants' motion to dismiss the Section 1983 retaliation claims is granted.

II. Section 1983 Conspiracy Claims and *Monell* Claim

Defendants move to dismiss the 1983 conspiracy claims and *Monell* claim. A plaintiff must establish an underlying constitutional violation to support a Section 1983 conspiracy claim since "conspiracy is not an independent basis of liability in [Section] 1983 actions." *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008); *see also Cefalu v. Village of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000)(explaining that "[t]he jury's conclusion that the [the plaintiff] suffered no constitutional injury thus foreclose[d] relief on the conspiracy claim"); *Holmes v. City of Chicago*, 2014 WL 3864570, at *8 (N.D. Ill. 2014)(stating that "[i]n the Seventh Circuit, if a plaintiff fails to establish an underlying constitutional violation, any corresponding conspiracy claim also necessarily fails"). For a *Monell* claim, a plaintiff must establish: "(1) that [she] suffered a constitutional injury, and (2) that the [municipal entity] authorized or maintained a custom" or policy "of approving the unconstitutional conduct." *Petty v. City of Chicago*, 754 F.3d 416, 424 (7th Cir. 2014)(emphasis in original)(stating that "if no constitutional violation occurred in the first place, a *Monell* claim cannot be supported"). In the instant action, since Kubiak

has failed to allege facts to plausibly suggest a violation of her First Amendment rights or any other constitutional rights, Kubiak cannot prevail on her Section 1983 conspiracy claims or her *Monell* claim. Therefore, Defendants' motion to dismiss the Section 1983 conspiracy claims and the *Monell* claim is granted.

III. Remaining State Law Claims

Having resolved the federal claims in this case, the court must determine whether to continue to exercise supplemental jurisdiction over the remaining state law claims. Once the federal claims in an action no longer remain, a federal court has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims. *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-52 (7th Cir. 1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial," the pendent claims should be left to the state courts). The Seventh Circuit has indicated that there is no "'presumption' in favor of relinquishing supplemental jurisdiction. . . ." *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007). The Seventh Circuit has stated that, In exercising its discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources. . . ." *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994). The court has considered all of the pertinent factors and, as a matter of discretion, the court declines to exercise supplemental jurisdiction over the remaining state law claims. Such claims are therefore dismissed without prejudice.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to dismiss the Section 1983 claims is granted and the remaining state law claims are dismissed without prejudice.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 27, 2014